UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT KENT SCHMITT,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:17-cv-01349-RFB-PAL<br><br>**ORDER**<br><br>(Mot. for Decision – ECF No. 10) |

This matter is before the court on the Statement Regarding Service (ECF No. 13), filed August 11, 2017, by Defendant Nancy A. Berryhill. Plaintiff Robert Kent Schmitt filed a Response (ECF No. 14) on August 16, 2017. Also before the court is Mr. Schmitt's Motion for Final Decision (ECF No. 10).

This case involves judicial review of an administrative action by the Social Security Administration (the "Agency") denying Schmitt's claim for benefits under the Social Security Act. Mr. Schmitt commenced this action on May 11, 2017, by filing an Application to Proceed *In Forma Pauperis* (ECF No. 1) and proposed complaint. The court denied the application without prejudice and gave Schmitt until July 6, 2017, to file the long form *in forma pauperis* ("IFP") application, or pay the $400.00 filing fee. *See* Order (ECF No. 6). He opted to pay the filing fee. *See* Receipt of Payment (ECF No. 7). Thus, the Complaint (ECF No. 9) is now filed on the docket.

On July 13, 2017, the court entered an Order (ECF No. 8) instructing counsel for the Commissioner to file a statement with the court by August 11, 2017, indicating whether the Commissioner acknowledges effective service. One week later, before the Commissioner had responded to the court's order or filed an answer, Plaintiff filed a Motion for Final Decision (ECF No. 10). His motion asks the district court to make a final decision based on good cause shown, without remanding the case to the Social Security Administration.

1

On August 11, 2017, the Commissioner filed a Statement (ECF No. 13) acknowledging effective service. The Commissioner indicates she is prepared to file an answer. However, because she has not yet filed an answer or administrative record, the Commissioner asks the court to stay or hold in abeyance Plaintiff's Motion for Final Decision (ECF No. 10) and issue a scheduling order.

Plaintiff's Response (ECF No. 14) asserts that the court should order the Commissioner to pay him $179.48 in expenses for service of the complaint, which he sent by certified mail on May 13, 2017, to the Social Security Administration Office of the General Counsel, Region IX; the United States Attorney for District Court of Nevada; and the Attorney General of the United States. *See* Affidavit of Service (ECF No. 4). Plaintiff states he also included a request to waive service of the summons. The Commissioner did not respond to his request to waive formal service, but counsel filed a Notice of Appearance (ECF No. 3) on May 19, 2017. Because the court entered an order requiring counsel for the Commissioner to file a statement acknowledging effective service, Plaintiff argues that that the Commissioner's failure to return the waiver warrants an award of fees.

Under Rule 4 of the Federal Rules of Civil Procedure, an "*individual, corporation, or association* that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1) (emphasis added). Plaintiff may request a waiver of formal service of a summons from such defendants. *Id*. If a defendant fails, without good cause, to sign and return a waiver requested by a plaintiff the court must impose the expenses of service on the defendant. *See* Fed. R. Civ. P. 4(d)(2).

The Social Security Administration and the Commissioner are not "individuals, corporations, or association" that are subject to service under Rule 4(e), (f), or (h). *See* Fed. R. Civ. P. 4(d)(1). Rather, the Social Security Administration and the Commissioner are subject to service under Rule 4(i), which governs service to the "United States and Its Agencies, Corporations, Officers, or Employees." Fed. R. Civ. P. 4(i). Because the statute does not authorize the imposition of service costs on the Social Security Administration or the Commissioner, Plaintiff's request is therefore denied.

Additionally, Plaintiff's motion is premature. The court's standard practice in cases reviewing an Agency decision is to enter a scheduling order after the Commissioner files an answer. The scheduling order requires the Commissioner to file a certified copy of the administrative record under seal within two weeks, and provides additional deadlines for the parties to brief a motion for reversal and/or remand. The court decides an appeal of a decision denying benefits based on the administrative record and briefs of the parties. In general, a plaintiff has 30 days after receiving the administrative record to file a motion, the Commissioner then has 30 days to respond, and the plaintiff may file a reply brief within 20 days. The scheduling order also outlines certain requirements for the motion. A scheduling order will be entered shortly after the Commissioner files an answer. The court appreciates that it is difficult for *pro se* parties to litigate their claims; thus, plaintiffs are advised to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of Practice, and relevant case law. Plaintiff's motion is denied without prejudice.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Robert Kent Schmitt's Motion for Final Decision (ECF No. 10) is DENIED WITHOUT PREJUDICE.
2. The Commissioner shall file an answer by September 22, 2017.
3. The court will issue a scheduling order setting a briefing schedule shortly after the Commissioner files an answer.

Dated this 22nd day of August, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE