**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ROBERT K. SCHMITT,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:17-cv-01349-RFB-BNW

**ORDER**

## I. INTRODUCTION

Before the Court are Plaintiff's Motion to Compel, ECF No. 21, Plaintiff's Motion for Reversal and/or Remand, ECF No. 22, Defendant's Cross-Motion to Affirm, ECF No. 25, and Plaintiff's Motion to Quash, ECF No. 27.

For the reasons discussed below, the Court finds that the ALJ's opinion is not supported by substantial evidence and contains legal error. The Court finds that the credit-as-true rule applies to support a finding of disability. Therefore, the Court remands to Defendant for an award of benefits.

## II. BACKGROUND

On July 12, 2013, Plaintiff completed an application for disability insurance benefits alleging disability since September 15, 2008. AR 12. Plaintiff's application was denied initially on November 8, 2013 and upon administrative reconsideration on January 21, 2014. AR 12. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on April 24, 2015. AR 12. In an opinion dated May 1, 2015, ALJ Brenton L. Rogozen found Plaintiff not disabled. AR 12–19. The Appeals Council denied Plaintiff's request for review on March 10, 2017, rendering the ALJ's decision final. AR 1–4.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a). At step one, that ALJ found that Plaintiff did not engage in substantial gainful activity from his alleged onset date of September 15, 2008 to his date last insured of December 31, 2012. AR 14. At step two, the ALJ found that Plaintiff had the following severe impairments: polyarthralgia, parathyroid, and systemic lupus erythematosus. AR 14–16. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. AR 16.

The ALJ found that as of the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work, as defined in 20 C.F.R. §§ 404.1567(c). AR 16–18. Based on this RFC, the ALJ found at step four that Plaintiff was able to perform his past relevant work as a real estate agent. AR 18–19.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's

conclusion," to determine whether that conclusion is supported by substantial evidence. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Id.</u> When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. <u>Garrison</u>, 759 F.3d at 1014–15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." <u>Lingenfelter</u>, 504 F.3d at 1035–36 (quoting <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant does not need to produce evidence of the symptoms alleged or their severity, but he must show the impairments could reasonably cause some degree of the symptoms. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of his symptoms. <u>Garrison</u>, 759 F.3d at 1014–15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. <u>See</u> 20 C.F.R. § 404.1520(a)(4); <u>Garrison</u>, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." <u>Garrison</u>, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step four.

**IV. DISCUSSION**

    **a. Substantial evidence**

Plaintiff argues that substantial evidence contradicts the ALJ's conclusion that no medical evidence supports a finding of disability prior to Plaintiff's December 31, 2012 date last insured. ECF No. 22 at 3, 8, 12, 15. The ALJ may only consider impairment and associated limitations that existed prior to the date last insured, though evidence post-dating the date last insured can still

///

be probative of prior disability. <u>Turner v. Comm'r of Soc. Sec.</u>, 613 F.3d 1217, 1228–29 (9th Cir. 2010).

The Court agrees that substantial evidence does not support the ALJ's finding that Plaintiff was not disabled prior to December 31, 2012. The ALJ acknowledges medical visits on March 10, 2010 and April 5, 2010 but then states that there is "no documented medical treatment of any kind after April 2010 until labs on October 23, 2012" and that "there is no evidence that the claimant had a single medical appointment" within that two-and-a-half year period. AR 14–15. As Plaintiff correctly identifies, this statement is plainly contradicted by substantial evidence. After receiving a diagnostic impression of lupus on April 26, 2010, Plaintiff pursued ongoing testing and medical treatment on June 8, 2010; June 17, 2010; September 16, 2010; May 24, 2011; August 8, 2011; January 30, 2012; and July 30, 2012, as well as on October 28, 2012; November 14, 2012; and December 24, 2012. AR 1920–30. The ALJ appears to have overlooked Exhibit 32F, which almost exclusively documents Plaintiff's lupus treatment during this time frame.

The testifying medical expert similarly overlooked this evidence. The medical expert testified to having received all medical records through Exhibit 47F. AR 46. However, when asked to testify about the period between September 15, 2008 and December 31, 2012, the medical expert testified that only two exhibits were relevant to that time period: Exhibits 1F and 2F. AR 48. The medical expert therefore did not consider the ongoing treatment and monitoring of Plaintiff's lupus throughout this time period as documented at Exhibit 32F, AR 1920–30.

The Court finds that this error was not harmless. Though the ALJ found that lupus was a medically determinable impairment at step two, the ALJ relied heavily on Plaintiff's perceived lack of medical treatment prior to the date last insured to conclude that his lupus did not "become his primary impairment" until *after* the date last insured. AR 15.

**b. Legal Error**

Plaintiff argues that the ALJ improperly evaluated Plaintiff's credibility. ECF No. 22 at 6, 8. As the ALJ did not find evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of his symptoms with specific, clear, and convincing reasons. <u>Garrison</u>, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social

Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Here, the ALJ found that objective medical evidence of record did not support Plaintiff's subjective complaints. AR 18. The ALJ's reason is legally insufficient, as an ALJ may not reject testimony solely because the objective medical evidence does not support the alleged severity of an impairment. Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002). The ALJ also reasoned that Plaintiff likely exaggerated his symptoms prior to the date last insured because "he simply did not present for any significant medical treatment until after [December 31, 2012]." AR 17–18. The ALJ's reasoning is undermined by the ALJ's own omissions and misstatement of the record prior to the date last insured, as discussed above. Thus, the ALJ did not have clear "objective medical evidence" inconsistent with Plaintiff's complaints and the ALJ did not have specific reasons that were clear and convincing for rejecting Plaintiff's complaints. The Court therefore finds that the ALJ erred when he determined that Plaintiff's testimony was not entirely credible.

Plaintiff also identifies that the ALJ did not appear to credit the testimony of his girlfriend and roommate, Patricia Hunt. ECF No. 22 at 14. The Court construes this to be an argument that the ALJ improperly evaluated Hunt's credibility. See Hopkins v. Berryhill, 697 F. App'x 892 (9th Cir. 2017) (unpublished) (noting that the Court construes arguments made by *pro se* Social Security litigants liberally). Without proffering a reason, the ALJ stated that he accorded Hunt's testimony "no more than it's [*sic*] appropriate, minimal, weight." AR 17. Lay witness testimony may only be discounted if the ALJ provides "reasons that are germane to each witness." Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (quoting Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)). The Court finds that because the ALJ did not provide any germane reason to give Hunt's testimony minimal weight, the ALJ erred.

Because Plaintiff and Hunt both testified at length about the severity of Plaintiff's limitations prior to the date last insured, the Court finds that these legal errors were not harmless.

**c. Remand for Benefits**

The Ninth Circuit has established that where no outstanding issues need be resolved, and

where the ALJ would be required to award benefits on the basis of the record if the claimant's testimony were credited, the Court will take the claimant's testimony as true and remand for an award of benefits. Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988). The Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020 (9th Cir. 2014).

The Court finds that the record has been fully developed and further administrative proceedings would serve no useful purpose. The Court further finds that, for the reasons stated earlier in this order, the ALJ has failed to provide legally sufficient reasons for rejecting Plaintiff's and Hunt's testimony and has erroneously overlooked over two years of Plaintiff's medical records documenting ongoing treatment for lupus from April 26, 2010 to December 24, 2012. AR 1920–30.

Lastly, the Court finds that if the improperly discredited evidence were credited as true, Plaintiff necessarily would be found disabled on remand. In this case, the medical expert expressly testified that Plaintiff "was very, very sick and had many problems" in 2013 such that "he might have a closed period" of disability beginning in 2013. AR 51. The medical expert explained that Plaintiff's lupus in 2012 "would lead to trouble" such that it caused the severe symptoms documented in 2013. AR 53. The medical expert then agreed with the ALJ's statement that "there's no way to know" when Plaintiff's severe lupus-related symptoms began but that "the first evidence of it is after December 31, 2012." AR 53. These statements were made in the context of the medical expert failing to acknowledge evidence of Plaintiff's treatment for lupus-related symptoms throughout 2010, 2011, and 2012.

Plaintiff testified that at the end of 2012, before his date last insured, he was sleeping "all the time," losing weight, incontinent, falling often, and growing itching skin tags all over his body.

AR 56–57.  He testified that these problems were caused by his lupus and that they had been consistent over time from 2012 through his 2013 hospitalizations and through the present day.  AR 57.  Plaintiff testifies that has used a walker since he started falling in August 2012 and that he has trouble with his memory.  AR 60–61.  He testified that he spends "all [his] time" just watching TV, trying to make it to the bathroom before defecating on himself, and trying to avoid being so sick again that "they have to take care of you and you cannot even turn over, they have to flip you over like a fish."  AR 62.

Patricia Hunt testified that in the fall of 2012, Plaintiff couldn't feed himself, could not stand up by himself to go to the bathroom, was falling down regularly, and was having trouble performing simple, everyday tasks.  AR 66.  She testified that his problems began in 2010.  AR 69–70.  She testified that since 2010, Plaintiff has suffered from "flare-ups" two to three times a month, lasting for a two- or three-day period each time, during which he cannot even lift his hands off his bed or his head off his pillow.  AR 70–71.

As discussed above, pursuant to the credit-as-true rule, the Court credits Plaintiff's and Hunt's testimony as true because the ALJ failed to provide legally sufficient reasons to discount their statements.  <u>Garrison</u>, 759 F.3d at 1022.  Crediting Plaintiff's and Hunt's testimony necessities a finding that Plaintiff struggled with similarly severe lupus-related symptoms in 2012 as he did in 2013, which the substantial evidence does not refute.  The vocational expert in this case testified that missing two or more days of work per month would be work-preclusive.  AR 73.  The Court finds that crediting Plaintiff's and Hunt's testimony regarding the severity of Plaintiff's symptoms, as well as considering the medical expert's testimony with regard to Plaintiff's disability status in 2013, requires the finding that Plaintiff would have missed two or more days of work per month as of at least April 26, 2010, when the medical record begins to document Plaintiff's regular treatment for lupus.  The Court therefore finds that Plaintiff's limitations, as supported by substantial evidence, preclude all work since April 26, 2010.

/ / /

/ / /

/ / /

**V.     CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reversal and/or Remand (ECF No. 22) is GRANTED and Defendant's Cross-Motion to Affirm (ECF No. 25) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (ECF No. 21) and Motion to Quash (ECF No. 27) are DENIED as moot.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for an award of benefits with an onset date of April 26, 2010.

**IT IS FURTHER ORDERED** that Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED** this 27th day of June, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**